IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LORI L. FRIES, as Personal Representative**
**of the Estate of MICHAEL R. FRIES,**
**deceased and on behalf of all survivors,**
        **Plaintiff,**

v.                                        **CASE NO. 5:12-cv-37-RS-CJK**

**THE TEAFORD COMPANY, INC.;**
**TEAFORD EQUIPMENT RENTAL, LLC;**
**and TEAFORD CONSTRUCTION, LLC,**
        **Defendants.**
_____/

**COLONY NATIONAL INSURANCE**
**COMPANY,**
        **Plaintiff,**

v.                                        **CASE NO. 5:12-cv-123-RS-EMT**

**THE TEAFORD COMPANY, INC.;**
**TEAFORD EQUIPMENT RENTAL, LLC;**
**and TEAFORD CONSTRUCTION, LLC;**
**LORI L. FRIES, as Personal Representative**
**of the Estate of MICHAEL R. FRIES,**
**deceased and on behalf of all survivors; and**
**AXIS SURPLUS INSURANCE COMPANY,**
        **Defendants,**
_____/

## ORDER

Before me are Colony's Motion to Disqualify (Doc. 89), Fries and Teaford's Opposition to Colony's Motion to Disqualify (Doc. 100), and Colony's Reply Brief in Support of Motion to Disqualify (Doc. 123).

1

*Background*

Prior to filing her complaint, Lori Fries obtained relief from the automatic stay in the bankruptcy court overseeing Teaford's liquidation. The bankruptcy court granted the relief with the order that Fries could recover only to the extent of available insurance proceeds. (5:12-cv-123, Doc. 1-7).

Lori Fries filed the Wrongful Death Action (5:12-cv-37) following the death of her husband, Michael Fries, from thermal burns he suffered while cleaning the Teaford Energy System. When the accident occurred, Teaford was insured under a commercial general liability policy issued by Colony. Pursuant to the terms of the policy, Colony appointed defense counsel to represent Teaford in the Wrongful Death Action.

On May 1, 2012, Colony filed the Declaratory Action (5:12-cv-123) against Fries and Teaford seeking a declaration that it has no duty to defend or indemnify Teaford for Fries's claims. Colony argues that Mr. Fries's death is excluded from the policy coverage under the policy's "Hazardous Materials Exclusion."

The Court consolidated the two cases for purposes of discovery because the cases involved a common set of facts. Two attorneys—Mr. Marino and Ms. Willis—represent both Teaford and Fries in the Declaratory Action, who are adverse parties in the Wrongful Death Action. Colony seeks to disqualify these

attorneys, alleging that the concurrent representation is an improper conflict of interest under Fla. R. Prof. Conduct 4-1.7(a).

*Analysis*

Standing

Fries and Teaford contend that Colony lacks standing to bring the motion. The Supreme Court of Florida addressed the standing issue in *State Farm Mut. Auto. Ins. Co. v. K.A.W.*, 575 So.2d 630 (Fla. 1991). In *K.A.W.*, the Wilkerson family had been represented by the Schlesinger firm in a tort case for almost two years. Mr. Wilkerson's attorney then learned that Wilkerson's negligence may have contributed to the automobile accidence. Because of this, Mr. Wilkerson discharged the Schlesinger firm and retained new counsel. Mrs. Wilkerson and her daughter filed an amended complaint, adding Mr. Wilkerson as a defendant. Mr. Wilkerson waived the conflict so his prior counsel could continue to represent his family.

State Farm filed a motion to disqualify counsel based on conflict of interest. The attorney argued that State Farm lacked standing to bring the motion. The Florida Supreme Court said that "[i]t defies logic to suggest that the [insurers] do not have a legitimate interest in seeking to prevent the opposing parties from using confidential information obtained through their insured through a prior attorney-client relationship." *Id*. at 633 (internal citations omitted).

In opposing the motion, Mr. Wilkerson filed an affidavit stating that no confidential information has been communicated to the former attorneys, and his wife and daughter also filed affidavits stating that they would be prejudiced if the attorney was forced to withdraw. However, the court found that the attorneys had to be disqualified. The court said, "Our legal system cannot function fairly or effectively if an attorney has an information advantage in the form of confidences gained during a former representation of his client's current opponent." *Id.* at 632.

Fries and Teaford contend that neither has obtained an unfair informational advantage because the involvement of the attorneys in question is limited to the Coverage Action. However, *K.A.W.* also states that "the existence of this [attorney-client] relationship raised the *irrefutable presumption* that confidences were disclosed." *Id.* at 634 (emphasis added). Additionally, simultaneous representation of two sides with a conflict of interest is an ethical violation. *Continental Cas. Co. v. Przewoznik*, 55 So.3d 690, 692 (Fla. 3d Dist. Ct. App. 2011).

<u>Conflict of Interest</u>

Fries and Teaford maintain that there is no conflict of interest, and if there is one, it is not improper. Fla. R. Prof. Conduct 4-1.7(a) provides that "a lawyer shall not represent a client if: (1) the representation of 1 client will be directly adverse to another client; or (2) there is a substantial risk that the representation of 1 or more

clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." The Florida Supreme Court wrote:

> [A]n attorney may not represent conflicting interests in the same general transaction, no matter how well-meaning his motive or *however slight* such adverse interest may be. *The rule in this respect is rigid*, because it is designed not only to prevent the dishonest practitioner from fraudulent conduct but also to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to an attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interest which he should alone represent.

*The Fla. Bar v. Moore*, 194 So.2d 264, 269 (1966)(emphasis added).

However, as stated above, in cases such as this where counsel is attempting to represent adverse parties regarding two intertwined cases, there is an "irrefutable presumption that confidences were disclosed." *K.A.W.*, 575 So.2d at 634. Fries and Teaford assert that they are not adverse parties, but Fries's theories on the nature and causes of Mr. Fries's injuries conflict with the liability defenses on how the accident occurred as well as the contributory negligence or comparative fault of the decedent.

Lastly, Fries and Teaford contend that the joint representation is not improper because all of the conflicts have been waived with affidavits from the parties. However, it is Colony's waiver that is required, not Fries's or Teaford's waiver. *See K.A.W.*, 575 So.2d 630.

## "Common Interest" Doctrine

Fries and Teaford also argue that the "common interest" or "joint defense" doctrine applies.

> This doctrine establishes an exception to the general rule that the attorney-client privilege is waived upon the voluntary disclosure of the privileged information to a third party. The joint defense doctrine allows parties who share unified interests to exchange privileged information to adequately prepare their cases without losing the protection afforded by the privilege.

*In re* Indiantown Realty Partners, 270 B.R. 532, 539 (Bankr. S.D. Fla. 2001)(citations omitted).  However, this doctrine does not bypass the prohibition that counsel cannot jointly represent opposing sides in litigation, and therefore, is inapplicable.

## Cooperation Clause

The coverage policy requires that Teaford "cooperate with [Colony] in the investigation or settlement of the claim or defense against the suit." (Doc. 1-11, 5:12-cv-123).  The policy was issued in Georgia, and therefore, is interpreted in accordance with Georgia law.  According to Georgia law, "the purpose of a cooperation clause is to protect the insurer in its defense of any suit brought against it and to prevent collusion between the injured party and the insured." *Hurston v. Ga. Farm Bur. Mut. Ins. Co.,* 250 S.E.2d 886, 888-89 (Ga. 1978).  "The cooperation clause will be deemed to be violated if the insured by collusive

conduct *appears* to be assisting the claimant in the maintenance of his suit rather than the insurer." *Id*. at 888 (emphasis added).

The joint representation in this case gives the appearance that the insureds (Teaford) are cooperating and assisting the plaintiff (Fires) in this case. The appropriate remedy would be to disqualify the attorneys making such an appearance possible.

*Conclusion*

1. Colony's Motion to Disqualify (Doc. 89) is **GRANTED**, and Mr. Marino and Ms. Willis are disqualified as counsel in the consolidated cases.
2. The Answer and Counterclaims (Doc. 85) Marino and Willis filed on behalf of Teaford are stricken.
3. Fries and Teaford's motion for Rule 11 sanction is **DENIED**.

**ORDERED** on September 11, 2012.

       /S/ Richard Smoak
       **RICHARD SMOAK**
       **UNITED STATES DISTRICT JUDGE**